UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

YVONNE DELANEY MITCHELL,

Debtor.
---------------------------------------------------------X

Chapter 13

Case No.: 26-12474 (JPM)

**ORDER EXCUSING TURNOVER BY RECEIVER PURSUANT TO 11 U.S.C. §§ 105(a) AND 543(d) AND OTHER REQUESTED RELIEF[1]**

Upon the motion (the "Motion") [ECF No. __] of DD Notes LLC (the "Secured Creditor"), a secured creditor and mortgagee of Yvonne Delaney Mitchell (the "Debtor"), for entry of an order pursuant to sections 105(a) and 543(d) of title 11 of the United States Code (the "Bankruptcy Code"): (i) authorizing Joseph M. Mattone, Jr., Esq., the receiver appointed by the Supreme Court of the State of New York, County of New York (the "State Court") in the action captioned under Index No. 850324/2025 (the "Receiver"), to remain in possession, custody, and control of the real property commonly known as 126 West 121st Street, New York, New York 10027 (Block: 1905; Lot: 46) (the "Property"); (ii) excusing the Receiver from any turnover requirement under sections 543(a) and (b) of the Bankruptcy Code; and (iii) authorizing the Receiver to continue to maintain and operate the Property in the ordinary course of business and pursuant to the order of the State Court entered April 16, 2026 appointing the Receiver (the "Receivership Order"); and upon the Affidavit of Ilene Stallman and the Declaration of Joseph M. Mattone, Jr., Esq., each submitted in support of the Motion; and due and proper notice of the Motion having been provided to (i) the Debtor, (ii) the Chapter 13 Trustee, (iii) the Office of the United States Trustee, (iv) the Receiver, and (v) all parties that have requested notice in this case, and it appearing that no other or further notice need be provided; and a hearing having been held on December 17, 2026 (the "Hearing");

---

[1] Capitalized terms used but not defined herein shall have the same meaning as in the Motion.

and [no objections having been filed] [any objections to the Motion having been withdrawn, resolved, or overruled on the merits]; and the Court having found and determined that the interests of creditors would be better served by permitting the Receiver to continue in possession, custody, and control of the Property, and that the relief requested in the Motion is in the best interests of creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is GRANTED as set forth herein; and it is further

**ORDERED**, that pursuant to section 543(d)(1) of the Bankruptcy Code, the Receiver is excused from compliance with sections 543(a) and (b) of the Bankruptcy Code, and the Receiver shall not be required to turn over the Property, the rents, issues, and profits thereof, or any funds held by the Receiver to the Debtor; and it is further

**ORDERED**, that the Receiver is authorized to remain in possession, custody, and control of the Property and to continue to maintain and operate the Property in the ordinary course of business in accordance with the Receivership Order; and it is further

**ORDERED**, that the Debtor shall cooperate with the Receiver and, shall deliver to the Receiver all leases, tenant contact information, rent and program-benefit information, and tenant security deposits relating to the Property, to the extent in the Debtor's possession, custody, or control; and it is further

**ORDERED**, that nothing in this Order shall constitute relief from the automatic stay under section 362 of the Bankruptcy Code, and all rights, claims, and remedies of the Secured Creditor are reserved, including the right to seek relief from the automatic stay, dismissal or conversion of this case, and to object to confirmation of any chapter 13 plan; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
____________, 202_

_________________________________
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE